Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD FISHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OSMOSE UTILITIES SERVICES, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 1:18-cv-01704-LJO-EPG<br><br>**NOTICE AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT**<br><br>**Honorable Erica P. Grosjean**<br><br>**Date:** February 28, 2020<br><br>**Time:** 10:00 am<br><br>**Place:** United States District Court - Eastern District of California<br>2500 Tulare Street,<br>Courtroom 10, 6th Floor<br>Fresno, California 93721 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on or about February 28, 2020, at 10:00 a.m., before the Honorable Erica P. Grosjean of the United States District Court,

- 1 -

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

1  Eastern District of California, United States District Court - Eastern District of
2  California 2500 Tulare Street, Courtroom 10, 6th Floor Fresno, California 93721,
3  Plaintiff TODD FISHER ("Plaintiff") will move this Court for an order granting
4  Plaintiff Leave to File a First Amended Complaint.
5
6  Dated: January 23, 2020
7  By:/s/ Todd M. Friedman
8  Todd M. Friedman
9
10
11
12
13
14
15
16
17
18
19
20
21

- 2 -

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

**Memorandum Of Points And Authorities**

I. INTRODUCTION

Rule 15(a) of the Federal Rules of Civil Procedure gives parties the opportunity to amend their pleadings in two different circumstances. The first circumstance, which is not available to the Plaintiff at this time, is Amending as a Matter of Course. This is an automatic amendment that is allowed as long as it is done either before a response to the pleading is filed or 20 days after the pleading sought to be amended is filed. FRCP 15(a)(1)

Secondly, if time has passed or a responsive pleading has been filed, the amending party's only other option is to either seek the consent of the opposing party to amend or obtain leave to amend from the court. FRCP 15(a)(2). When seeking leave to amend from the court, the court will give leave to amend "when justice so requires." FRCP 15(a)(2). Generally, leave to amend will be granted unless the weighing of several factors show that the amendment would be inappropriate.[1] It may be denied where it creates an element of undue surprise or prejudice to the opposing party.[2] Courts have pointed out that no unfair prejudice should be found simply because a party has to defend against a better pleaded

---

[1] *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F. 3d. 1048, 1052 (9th Cir. 2001) (Weighing bad faith undue delay, prejudice and futility)

[2] *See Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F. 3d 1048 1052 (9th Cir. 2003) ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight.")

- 3 -

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

1  claim.³ Where a deficiency could be cured by an amendment, leave to amend
2  should be granted.⁴

3  Motions for leave to "amend should be granted unless amendment would
4  cause prejudice to the opposing party, is sought in bad faith, is futile, or creates
5  undue delay." *United States v. Wight*, 2000 U.S. Dist. LEXIS 1997, 3 (E.D. Cal.
6  2000) (citing *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th
7  Cir. 1989)).

8  II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

9  On November 05, 2018, Plaintiff filed a Complaint against Defendant in the
10 Superior Court of the State of California for the County of Tulare, Case Number:
11 VCU276204. Defendant filed its answer to Plaintiff's Complaint on December 13,
12 2018. Contemporaneously, on December 13, 2018, Defendant removed this case to
13 the United States District Court for the Eastern District of California, Case No.
14 1:18-cv-01704-LJO-EPG.

15 On or about November 05, 2018, Plaintiff also filed a Complaint with the
16 Labor and Work Force Development Agency. Therefore, at the time, it has not
17 been over 60 days since Plaintiff has notified the Labor and Work Force

---

³ *See Popp Telcom, Inc. v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.")
⁴ *See Lopez v Smith*, 203 F. 3d 1122, 1130 (9th Cir. 200) (leave to amend should be granted even if not requested)

- 4 -

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

Development Agency of Defendant's Labor Code Violations. *See* Declaration of Todd Friedman ¶3. No notice has been provided by the Agency at this time indicating any intention by the Labor and Work Force Development Agency to pursue this claim. *Id.* As a result, Plaintiff is now procedurally entitled to bring a claim under the Private Attorney General Act ("PAGA"). *Id.*

On November 06, 2019, Plaintiff's Counsel reached out to Defendant's Counsel asking Defendant to stipulate to allow Plaintiff file an amended complaint to include PAGA claims. *Id.* at ¶5. Additionally, upon Defense Counsel's request Plaintiff provided a copy of the PAGA letter submitted to the LDWA. *Id.* at ¶6.

On December 10, 2019, Plaintiff's Counsel reached out to Defendant's Counsel to follow up on whether Defendant would agree to Stipulate to allow Plaintiff to file an amended complaint to include PAGA claims. *Id.* at ¶8. Plaintiff's counsel did not get a response. *Id.*

On December 11, 2019, Plaintiff's Counsel reached out again to follow up on the Stipulation to allow Plaintiff to amend his complaint. *Id.* at ¶9. At that time Defendant's counsel indicated that Defendant will likely refuse to stipulate to allow Plaintiff to amend his complaint. *Id.*

As a result, Plaintiff is forced to move this Court for leave to amend to file Plaintiff's First Amended Complaint attached hereto as "Exhibit A."

- 5 -
**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

1    III.    ARGUMENT

2        A. AMENDMENT IS NOT SOUGHT IN BAD FAITH

3    "To oppose a motion for leave to amend on the grounds of bad faith, a
4    party must show 'sharp practice' tactics such as, for example, seeking to add a
5    defendant merely to destroy diversity jurisdiction." *SAES Getters S.p.A. v.*
6    *Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1095 (S.D. Cal. 2002) (citing *Sorosky v.*
7    *Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). The purpose of this motion
8    for leave to amend the Complaint is wholly proper, as it seeks to include a cause
9    of action that arose out of the same exact factual circumstances as the original
10   Complaint and so will not affect discovery, Defendant's legal arguments and
11   defenses, or scheduling in the case.

12       Further, Plaintiff could not have brought this case under the Private
13   Attorney General Act at the time of filling the original Complaint. Instead,
14   Plaintiff was required to wait 60 days after notice is given to the Labor and
15   Workforce Development Agency. In addition, Defendant was notified months
16   ago about Plaintiff's intention to file a First Amended Complaint to include
17   PAGA claims. As a result, Plaintiff should be granted Leave to Amend.

18       B. AMENDMENT WOULD NOT BE FUTILE

19       A proposed amendment is futile only if does not raise a colorable claim.
20   *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987). This
21

- 6 -

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

proposed amendment is not futile because this motion seeks only to add an additional cause of action that could not have been provided before, not to change the substantive factual allegations. See e.g., *Chase v. Rite Aid Corp.*, 2008 U.S. Dist. LEXIS 91658, *6 (C.D. Cal. Oct. 28, 2008) ("Plaintiff's proposed amendments are not futile. Neither party disputes that Plaintiff's claims against the Thrifty Defendants are substantively identical to their claims against Defendant Rite Aid."). Therefore, this Amendment will not be futile.

C.  AMENDMENT WOULD NOT CREATE UNDUE DELAY

"Mere delay in seeking leave to amend is generally insufficient to deny a motion to amend." *Chase v. Rite Aid Corp.*, 2008 U.S. Dist. LEXIS 91658, 7 (C.D. Cal. Oct. 28, 2008). Plaintiff has not been unreasonably delaying in seeking to amend the Complaint. After Plaintiff was able to bring a cause of action under the Private Attorney General Act, Plaintiff notified opposing counsel, on November 06, 2019, and requested that Defendant Stipulate.

However, since Defendant refused to Stipulate, Plaintiff is forced to now bring this Motion. Thus, in light of the lack of prejudice to the Defendant, and the overwhelming judicial policy in favor of granting amendments to complaints, leave to amend should be granted in this instance. See e.g., *Saes Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1096 (S.D. Cal. 2002) ("The Court is aware of no case that has held the passing of five months, particularly where no other

- 7 -
**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

proceedings have taken place in the interim, to constitute undue delay"). Therefore, there is clear justification for granting leave to amend the Complaint.

IV. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion for Leave to Amend the Complaint. Granting this Motion would not cause undue surprise or prejudice to the Defendant because it neither adversely affects the Defendant, nor does it substantially change their defenses, and Plaintiff has not unreasonably delayed in seeking leave to amend. Therefore, Plaintiff respectfully requests the Court grant Plaintiff' Motion for Leave to Amend the Complaint.

Dated: January 23, 2020        LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                                        __/s Todd M. Friedman_____
                                            Todd M. Friedman
                                            Attorney for Plaintiff

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**

Filed electronically on this 23rd Day of January, 2020, with:

United States District Court CM/ECF system.

Notification sent electronically on this 23rd Day of January, 2020, to:

Honorable Erica P. Grosjean

United States District Court

Eastern District of California

And All Counsel of Record as Recorded on The Electronic Service List

<u>/s/ Todd M. Friedman, Esq.</u>
TODD M. FRIEDMAN

- 9 -

**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**