1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TODD FISHER, individually and on behalf        Case No.  1:18-cv-01704-NONE-EPG
     of all others similarly situated,
12                                                  ORDER GRANTING PLAINTIFF'S MOTION
                        Plaintiff,                  TO AMEND AND MODIFYING
13                                                  SCHEDULING ORDER
            v.
14                                                  (ECF No. 18)
     OSMOSE UTILITIES SERVICES, INC.,
15
                        Defendant.
16

17
            Before the Court is Plaintiff's motion to amend the complaint. (ECF No. 18.) On February
18
     28, 2020, the motion came before the court for hearing. (ECF No. 26.) Adrian Bacon appeared on
19
     behalf of Plaintiff and Natalie Fujikawa appeared on behalf of Defendant. Having considered the
20
     parties' briefing and oral arguments, the court will grant Plaintiff's motion to amend, and
21
     modifies the schedule order as set forth herein.
22
     I.     BACKGROUND
23
            Plaintiff filed the complaint initiating this action in the Tulare County Superior Court on
24
     November 5, 2018. (ECF No. 1-2 at 1.) The complaint alleges wage and hour violations under
25
     California law against Defendant on behalf of Plaintiff and a putative class "of all other persons
26
     employed directly by Defendant who were not paid wages pursuant to California law prior and
27
     subsequent to the date this action was filed." (ECF No. 1-2 at 3.) Specifically, Plaintiff alleges
28
                                                   1

class claims for meal and rest breaks, failure to provide accurate wage statements, failure to pay all wages owed upon termination, and unfair business practices.

On December 12, 2018, Defendant filed its answer in Tulare Superior Court (*see* ECF No. 1-3), and on December 13, 2018, Defendant removed the action to federal court on the basis of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2, (5) (*see* ECF No. 1).

On March 6, 2019, the parties filed their Joint Scheduling Report. In the report, Plaintiff stated: "Plaintiff has yet to amend the complaint to add PAGA allegations but plans to do so subject to Defendant's agreement to allow Plaintiff leave to file their First Amended Complaint," and "Plaintiff anticipates amending the complaint to add a claim under the Private Attorney General's Act, Cal. Labor Code §§ 2698 et. seq., now that the administrative prerequisites have been met. Plaintiff will endeavor to do so by stipulation." (ECF No. 7 at 1, 3.)

The Court held a scheduling conference on March 14, 2019 (ECF No. 10), and on March 21, 2019, the Court issued its Class Action Scheduling Conference Order (ECF No. 11). The Court did not set a deadline for amendment to the parties' pleadings, noting only that the filing of motions or stipulations seeking leave to amend the pleadings "does not imply good cause to modify the existing schedule," and that "any request for amendment under Fed R. Civ. P. 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile." (ECF No. 11 at 2 (citation omitted).)

On November 8, 2019, the parties filed a mid-discovery scheduling report in which the parties proposed a revised discovery schedule for the case. (ECF No. 15.) The report noted: "Plaintiff has yet to amend the complaint to add PAGA allegations but plans to do so. Defendant will not stipulate to an amendment at this time, but anticipates the issue arising as part of mediation, most likely in January 2020." (ECF No. 15 at 1-2; *see id.* at 3.)

Mediation did not occur in January 2020,[1] and on January 23, 2020, Plaintiff filed a motion to amend the complaint seeking to add PAGA claims. (ECF No. 18.)

////

////

---

[1] Mediation is scheduled for March 5, 2020.

## II.  MOTION TO AMEND

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Because more than twenty-one days have passed since Defendant served its answer, and Defendant has declined to consent to Plaintiff's proposed amendment, Plaintiff may amend his complaint only with leave of the Court.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. 15(a)(2). However, "[l]iberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The court may also "consider the factor of undue delay," but undue delay, by itself, "is insufficient to justify denying a motion to amend." *Id.*

As noted, Plaintiff moves for leave to amend his complaint to add a PAGA claim. Defendant opposes the motion, contending (1) amendment would cause undue prejudice to defendant, (2) amendment would be futile because the PAGA claim is barred by the statute of limitations, and (3) leave to amend should be denied based on undue delay and as a bad faith attempt to increase the cost of litigation.

### 1.  Claim of undue prejudice to Defendant.

"Prejudice to the opposing party is the most important factor" to consider in determining whether to grant leave to amend. *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *see also Alzheimer's Inst. of Am. v. Elan Corp.*, 274 F.R.D. 272, 276 (N.D. Cal. 2011). "Absent prejudice,

there is a presumption under Rule 15(a) in favor of granting leave to amend." *Serpa*, 318 F. Supp. 2d at 870 (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendant contends that it would be unduly prejudiced by the proposed amendment because the addition of a PAGA claim would increase the discovery required to defend against Plaintiff's claims and adding a PAGA claim "at this stage would initiate an entirely new phase of discovery and motion practice, causing substantial and unfair prejudice to Osmose." (ECF No. 23 at 5.) During the February 28, 2020, hearing, Defendant also claimed that the "prejudice is extreme" because there is a completely different standard that applies to a PAGA claim, as opposed to the claims in the initial complaint; that Defendant would have taken a different approach in the case had there been a PAGA claim; and that the scope and manner of discovery would have been different. However, Defendant also admitted during the hearing that it has not yet provided any documents or other production in response to Plaintiff's discovery requests[2] and has not yet itself sought any discovery from Plaintiff. Moreover, Defendant was on notice, since at least March 6, 2019, that Plaintiff intended to amend the complaint to add a PAGA claim.

The Court finds, under the circumstances of this case, that Defendant has failed to demonstrate that it will be unduly prejudiced by the proposed amendment to add a PAGA claim.

### 2. Claim that amendment would be futile.

Defendant contends that Plaintiff's motion to amend should be denied on the basis of futility because the one-year statute of limitations for PAGA claims has expired and the claim does not relate back to the date this action was filed.

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1). In applying this standard, "[t]he court is to determine whether the amendment is transactionally related to the original pleading." *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989). Thus, "[w]hen a plaintiff seeks to amend a complaint to state a new claim against an original

---

[2] Plaintiff apparently served discovery requests on Defendant more than six months ago. Defendant has yet to respond to those requests but pointed out during the hearing that approximately three months ago, the parties agreed to a stay of discovery pending mediation.

defendant . . . [the court] consider[s] whether the original and amended pleadings share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *Id.* at 325 (citations omitted).

Here, the factual allegations of the original complaint (ECF No. 1-2) and the proposed amended complaint (ECF No. 18-1) are identical, or nearly identical. Thus, both the complaint and the proposed amended complaint share a common core of operative facts such that Defendant has fair notice of the conduct called into question by the proposed amendment to add the PAGA claim.

Defendant does not deny that there is a common core of operative facts between the complaint and the proposed amended complaint. (*See* ECF No. 23 at 3-4.) Instead, Defendant contends that relation back does not apply because Plaintiff failed to timely amend his complaint to add a PAGA claim. (*Id.*) Although timeliness of a proposed amendment is relevant for determining whether to grant leave to amend, and will be discussed below, timeliness is not a factor that the Court considers in determining whether a proposed amendment relates back to the original complaint. *See* Fed. R. Civ. P. 15(c)(1); *Martell*, 872 F.2d at 324-25.

The Court finds that the original complaint and the proposed amended complaint share a common core of operative facts so that Defendant had fair notice of the conduct called into question. Accordingly, the proposed amendment to add the PAGA claim relates back to the original complaint and amendment would not be futile.

### 3. Claim of undue delay and bad faith.

Defendant also contends that leave to amend should be denied because Plaintiff unduly delayed in seeking to amend and because Plaintiff's motion is a bad faith attempt to increase litigation costs. (ECF No. 23 at 4.)

As noted above, Plaintiff notified Defendant, and the Court, of his intention to amend the complaint to add a PAGA claim in March 2019, which was only a few months after this action was removed to federal court. Plaintiff has consistently stated since then his intent to amend to add a PAGA claim, including in a joint status report filed November 8, 2019. Plaintiff's counsel reached out to Defendant's counsel in November 2019 to seek a stipulation to allow amendment,

but Defendant refused. Plaintiff admits that there has been a delay in seeking to amend and that Plaintiff could have sought to amend sooner because the PAGA claim was exhausted and could have been added as early as February 2019. Plaintiff represented that this delay was not, however, in bad faith but was instead the result of a calendaring failure on the part of Plaintiff's counsel.

The Court is concerned about this long delay in seeking to amend the complaint to add a PAGA claim. However, the Court does not find this delay sufficient, by itself, to justify denying Plaintiff's motion to amend and, further, does not find that this delay was the result of bad faith on the part of Plaintiff. *See Bowles*, 198 F.3d at 757 (Undue delay, by itself, "is insufficient to justify denying a motion to amend.").

The Court will grant Plaintiff's motion to amend.

## III. MODIFICATION OF SCHEDULE

As discussed during the February 28, 2020, status conference, the Class Action Scheduling Conference Order (ECF No. 11) is modified as follows:

| Deadline/Cutoff | Date |
| --- | --- |
| Fed. R. Civ. P. 26(a)(1) disclosure deadline | April 1, 2020 |
| Non-expert discovery cutoff | August 17, 2020 |
| Expert witness disclosure deadline | May 15, 2020 |
| Rebuttal expert witness disclosure deadline | June 14, 2020 |
| Expert discovery cutoff | September 16, 2020 |
| Motion for class certification deadline | October 30, 2020 |

## IV. CONCLUSION

For the reasons set forth above, IT IS ORDERED:

1. Plaintiff's motion to amend (ECF No. 18) is granted. Plaintiff shall file his First Amended Complaint within 14 days of the date of this order;

2. The Class Action Scheduling Conference Order (ECF No. 11) is modified as set forth above; and

3. A telephonic status conference is set for **June 22, 2020, at 10:00 a.m.** before Magistrate Judge Erica P. Grosjean. To participate telephonically, each party is directed to use the following dial-in number and passcode: 1-888-251-2909; passcode 1024453. The parties are

directed to file a joint status report one full week prior to the conference and email a copy of same, in Word format, to epgorders@caed.uscourts.gov for the Judge's review.

IT IS SO ORDERED.

Dated: __**March 4, 2020**__                    /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE