Todd M. Friedman (216752)
Adrian R. Bacon (280332)
**Law Offices of Todd M. Friedman, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff
TODD FISHER

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD FISHER, individually and on behalf of all others similarly situated, | Case No.: 1:18-cv-01704-NONE-EPG |
| Plaintiff, | *[Assigned to the Hon. Erica P. Grosjean, U.S. Magistrate Judge]* |
| vs. | |
| OSMOSE UTILITIES SERVICES, INC.; and DOES 1 to 50, inclusive, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (UNOPPOSED)** |
| Defendants. | |
| | Date:       September 18, 2020 |
| | Time:       9:30 a.m. |
| | Ctrm:       10 |
| | *[Filed concurrently with Declaration of Adrian R. Bacon; Declaration of Todd Fisher; and [Proposed] Order]* |
| | Complaint filed:  November 5, 2018 |
| | Trial date:       None set |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, September 18, 2020, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10 of the Robert E. Coyle United States Courthouse, located at 2500 Tulare Street, Sixth Floor, Fresno, CA 93721, the Hon. Erica P. Grosjean presiding, Plaintiff will move this Court to rule as follows:

1. Preliminarily approve the settlement described in the Settlement Agreement and Release and the Class Notice, attached as Exhibit 2 to the Declaration of Adrian R. Bacon ("Bacon Decl.") in Support of Plaintiff's Motion for Preliminary Approval of Settlement, submitted concurrently;

2. Conditionally certify, for settlement purposes only, the Settlement Class;

3. Approve distribution of the proposed Notice of Class Action Settlement to the Settlement Class;

4. Appoint Plaintiff Todd Fisher as Class Representative;

5. Appoint the Law Offices of Todd M. Friedman, P.C. as Class Counsel;

6. Appoint Simpluris as the Settlement Administrator; and

7. Set a hearing date for final approval of the class action settlement.

Defendant Osmose Utilities Services, Inc. ("Defendant") does not oppose Plaintiff's motion.

///
///
///
///
///
///

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Bacon Decl. and exhibits thereto, the [Proposed] Order Granting Preliminary Approval, the records, pleadings, and papers filed in this action, and on such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this Motion.

Date: August 19, 2020          Respectfully submitted,
                               The Law Offices of Todd M. Friedman, PC

                     By:  /s/ Adrian R. Bacon
                          Adrian R. Bacon
                          Attorneys for Plaintiff
                          TODD FISHER

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

# **TABLE OF CONTENTS**

I.     INTRODUCTION AND SUMMARY ................................................... 1

II.    STATEMENT OF FACTS ............................................................... 3

    A.   The Litigation ...................................................................... 3

       1. Procedural History .......................................................... 4

       2. Settlement Negotiations ................................................... 4

    B.   The Settlement ..................................................................... 5

       1. The Settlement Class ........................................................ 5

       2. Class Membership ............................................................ 5

       3. Payments to Class Members .............................................. 6

       4. Benefit to Class Members and Class Notice ...................... 6

       5. Scope of Release .............................................................. 7

       6. Opportunity to Opt Out and Object ................................... 7

       7. Payment of Notice and Administrative Costs ..................... 8

       8. Attorneys' Fees, Costs, and Expenses ............................... 8

       9. Incentive Award to Plaintiff ............................................. 8

       10.          Uncashed Checks ..................................................... 8

III.   ARGUMENT ............................................................................... 9

    A.   Legal Standard ..................................................................... 9

    B.   Continuing Litigation Presents Significant Risks ................... 11

    C.   Fair and Substantial Benefit to the Class ............................... 14

    D.   The Settlement was Reached as the Result of Arms-Length
       Negotiation, Without Collusion, with the Assistance of
       the Mediator ....................................................................... 14

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E.  The Putative Class Should Be Certified for Purposes of Settlement ........................................................................... 15

1. The Settlement Class is Sufficiently Numerous ............................... 15

2. Common Questions of Fact and Law Exist ...................................... 15

3. Plaintiff's Claims are Typical ........................................................... 17

4. Plaintiff and Class Counsel are Adequate ........................................ 18

F.  Common Questions Predominate ........................................................... 18

G.  Class Settlement Is Superior to Other Available Means of Resolution ............................................................................................... 19

H.  The Proposed Class Notice is Consistent with Ninth Circuit Requirements ......................................................................................... 20

I.  Simpluris Should Be Appointed Settlement Administrator ................... 23

J.  The Hearing on Final Approval Should be Scheduled .......................... 23

IV.    CONCLUSION ............................................................................................... 24

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

# TABLE OF AUTHORITIES

**Cases**

*Acosta v. Evergreen Moneysource Mortg*. Co., No. 2:17-CV-00466-KJM-DB, 2019 WL 6051117, at *8 (E.D. Cal. Nov. 15, 2019) ....................................21, 22

*Acosta v. Trans Union, LLC*, 243 F.R.D. 377 (C.D. Cal. 2007) ............................13

*Allen v. Bedolla,* 787 F.3d 1218 (9th Cir. 2015) ....................................................10

*Amchem Prods. v. Windsor*, 521 U.S. 591 (1997)........................................9, 19, 20

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) abrogated on other grounds by *Johnson v. California*, 543 U.S. 499 (2005) ........................................17

*Barani v. Wells Fargo Bank, N.A.*, Case No. 12CV2999-GPC KSC, 2014 WL 1389329, at *10 (S.D. Cal. Apr. 9, 2014) ........................................22

*Boyd v. Bechtel Corp.,* 485 F. Supp. 610 (N.D. Cal. 1979) ....................................11

*Briseno v. ConAgra Foods, Inc*., 844 F.3d 1121 (9th Cir.) *cert. denied* 138 S. Ct. 313 (2017) ........................................21

*Brown v. Jonathan Neil & Assocs., Inc*., No. 1:17-CV-00675-SAB, 2019 WL 1556658, at *2 (E.D. Cal. Apr. 10, 2019) ........................................21

*Carrington v. Starbucks Corp*., 30 Cal. App. 5th 504 (2018) ................................13

*Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995)..................15

*Elkins v. Equitable Life Ins. of Iowa*, No. Civ A96-296-Civ-T-17B, 1998 WL 133741, at *20 (M.D. Fla. Jan. 27, 1998) ........................................20

*Hanlon v. Chrysler Corp*., 150 F.3d 1011 (9th Cir. 1998), overruled on other grounds by *Jabbari v. Farmer*, 965 F.3d 1001 (9th Cir. 2020)...................passim

*Ikonen v. Hartz Mountain Corp*., 122 F.R.D. 258 (S.D. Cal. 1998) ......................15

*In re Austrian & German Bank Holocaust Litig*., 80 F. Supp. 2d 164 (S.D.N.Y. 2000)........................................12

*In re Mego Fin. Corp. Sec. Litig*., 213 F.3d 454 (9th Cir. 2000), as amended (June 19, 2000)........................................18

*In re Tableware Antitrust Litigation*, 484 F.Supp.2d 1078 (N.D.Cal.2007).............9

*In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607 (S.D. Cal. 2008) 14, 15, 18

*Kirkorian v. Borelli*, 695 F.Supp. 446 (N.D. Cal.1988).........................................11

*Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 1795703, at *7 (N.D. Cal. June 20, 2007).......................................................................................15

*La Parne v. Monex Deposit Co.*, No. SACV 08-0302 DOC, 2010 WL 4916606, at *2 (C.D. Cal. Nov. 29, 2010) .................................................................................9

*Lindell v. Synthes USA*, No. 111CV02053LJOBAM, 2016 WL 74419, at *5 (E.D. Cal. Jan. 6, 2016)..............................................................................................19

*Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS MDD, 2012 WL 1932283, at *1 (S.D. Cal. May 29, 2012) .....................................................................22

*Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173 (9th Cir. 1977) ...........................22

*Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593 (E.D. Cal. 2015).................9

*Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443 (E.D. Cal. 2013) ..............20

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ...........21

*Ontiveros v. Zamora,* 303 F.R.D. 356 (E.D. Cal. 2014) .........................................10

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364 (E.D. Pa. 1970)..................................................................................10

*Rodriguez v. M.J. Bros., Inc.*, No. 1:18-CV-00252-SAB, 2019 WL 1789686, at *14 (E.D. Cal. Apr. 24, 2019) .............................................................................21

*Rowe v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. SACV191074PAJCX, 2019 WL 6998780, at *3 (C.D. Cal. Aug. 30, 2019).....................................................16

*Salas v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 15-8629 FMO (EX), 2019 WL 1940619, at *6 (C.D. Cal. Mar. 27, 2019) .........................................................19

*Sayaman v. Baxter Healthcare Corp.*, No. CV 10-1049-VBF(JEMX), 2010 WL 11549352, at *1 (C.D. Cal. Nov. 16, 2010).................................................10, 12

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

*Schaffer v. Litton Loan Servicing, LP*, CV 05-07673 MMM JCX, 2012 WL

10274679, at *1 (C.D. Cal. Nov. 13, 2012) ...................................................13, 21

*Simpson v. Fireman's Fund Ins. Co*., 231 F.R.D. 391 (N.D. Cal. 2005), *modified*,

No. C05-00225 CW, 2007 WL 46785 (N.D. Cal. Jan. 5, 2007).........................17

*Spann v. J.C. Penney Corp*., 314 F.R.D. 312 (C.D. Cal. 2016) .............................13

*Staton v. Boeing Co*., 327 F.3d 93 (9th Cir. 2003)................................................18

*Swanson v. American Consumer Industries*, 415 F.2d 1326 (7th Cir. 1969)..........15

*Torrisi v. Tucson Electric Power Co*., 8 F.3d 1370 (9th Cir. 1993).......................22

*True v. Am. Honda Motor Co*., 749 F. Supp. 2d 1052 (C.D. Cal. 2010) ...............11

*Vasquez v. Coast Valley Roofing, Inc*., 670 F. Supp. 2d 1114, 1121 (E.D. Cal.

2009).................................................................................................................15

*Vasquez v. Packaging Corp. of Am.,* No. CV191935PSGPLAX, 2020 WL

2559490, at *4 (C.D. Cal. Mar. 27, 2020) ......................................................10

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)...........................................16

*Wehner v. Syntex Corp*., 117 F.R.D. 641 (N.D. Cal. 1987) ..................................17

*Wolin v. Jaguar Land Rover N. Am., LLC,* 617 F.3d 1168 (9th Cir. 2010) ...........19

*Wright v. Linkus Enterprises, Inc*., 259 F.R.D. 468 (E.D. Cal. 2009) ...................21

*Young v. Katz*, 447 F.2d 431 (5th Cir. 1971)........................................................13

**Statutes**

Fed. R. Civ. P. 23.............................................................................................9, 15

Fed. R. Civ. P. 23(a)(2) ........................................................................................15

Fed. R. Civ. P. 23(a)(4) ........................................................................................18

Fed. R. Civ. P. 23(b) ............................................................................................19

Fed. R. Civ. P. 23(c)(2)(B) .......................................................................20, 21, 22

**Other Authorities**

4 Newberg & Conte, § 11.25 ................................................................................10

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

4 Newberg & Conte, § 11.25; 5 ................................................................10

Manual for Complex Litg., Second § 30.44 (1985) .................................9

Manual for Complex Litigation, § 21.632 ...............................................10

Moore's Federal Practice – Civil § 23.165 (3d ed.) ..............................10

Moore's Federal Practice § 23.101 (Matthew Bender 3d ed.2004) ......................21

Moore's Federal Practice ¶ 23–05 (2d ed. 1987) ....................................15

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND SUMMARY

Plaintiff Todd Fisher ("Plaintiff"), individually and on behalf of the Settlement Class, *infra*, hereby seeks preliminary approval of the Settlement of this employment class action.   The Settlement Agreement, including the parties' proposed Class Notice, is attached as Exhibit 2 to the Declaration of Adrian R. Bacon in Support of Plaintiff's Motion for Preliminary Approval of Settlement ("Bacon Decl."). Bacon Decl. ¶ 10, Ex. 2.

The Complaint alleges that Plaintiff and a class of similarly situated non-exempt employees suffered injury as a result of Defendant Osmose Utilities Services, Inc.'s ("Defendant") failure to comply with its obligations under California law, including the following violations: 1) failure to pay all wages due and owed, including minimum wages; 2) failure to pay overtime and/or double-time wages; 3) failure to timely provide rest breaks or a penalty payment in lieu thereof; 4) failure to provide timely meal periods or a penalty payment in lieu thereof; 5) failure to reimburse reasonable business expenses; 6) failure to provide complete, accurate wage statements; 7) failure to maintain accurate records; and 8) failure to pay wages timely or pay all wages due upon termination of employment. On behalf himself and the putative class, Plaintiff seeks restitution for unpaid sums, in addition to the penalties provided for pursuant to Labor Code § 558 and Labor Code §§ 2698, *et seq.* (PAGA).

Accordingly, Plaintiff submits this Motion for Preliminary Approval of a proposed settlement ("Settlement") of this action and of certification of the proposed Settlement Class, *infra*. The terms of the settlement are set forth in the Settlement Agreement and Release ("Settlement").   *See* Bacon Decl. ¶ 10, Ex. 2. Defendant does not oppose Plaintiff's motion.

The proposed Agreement resulted from the parties' participation in an all-day mediation session before mediator Bruce A. Friedman, who is experienced in wage

and hour class actions, and subsequent settlement discussions. The settlement provides for a substantial financial benefit to the Settlement Class, which consists of all individuals employed by Defendant in California as a Crewman, Foreman and/or Foreman Trainee from September 7, 2016, through May 31, 2020 ("Settlement Period").[1]

The compromise reached with Mr. Friedman's guidance will create a Settlement Fund to be established by Defendant in the amount of $375,000.00, which amount shall not be reduced as a result of any member of the Settlement Class electing to opt out or be excluded for any other reason. Class members who do not opt-out will automatically receive a pro rata share of the Settlement Fund in the form of a check (after the deduction of attorneys' fees and costs awarded by the Court, an Incentive Award to Plaintiff for his service as the Class Representative, and the costs of settlement administration, up to $20,000.00).

The Settlement Fund will pay for a Settlement Administrator, Simpluris, which will provide notice to the Settlement Class, pursuant to and in accordance with 28 U.S.C. § 1715 (the "Class Action Fairness Act" or "CAFA") (at Defendant's election), provide and disburse checks to Class members who do not opt-out, maintain a toll-free telephone number, prepare an Opt-Out list and an Objections list, and act as liaison for Class members regarding the Settlement.

Subject to Court's approval, Plaintiff will receive an incentive payment of $10,000.00 for bringing and litigating this action. Class counsel will also request attorneys' fees of no more than $125,000.00 (one third of the gross Settlement Fund), and litigation costs (not to exceed $10,000). In addition, all costs incurred by the Settlement Administrator, which are estimated to be $20,000, will be paid from the gross settlement amount. The Settlement designates $5,000 for the PAGA

---

[1] For purposes of this Settlement, the position of Foreman Trainee will be treated as a Crewman.

penalty, with $3,750 going to the Labor Workforce Development Agency ("LWDA") and $1,250 going to the Class members. Any unclaimed funds will go to cy pres, with the Parties designating Public Justice Foundation as the recipient. No amount will revert to Defendant.

In consideration for the Settlement Fund, Plaintiff, on behalf of the proposed Settlement Class (the "Class"), will dismiss the instant action and unconditionally release and discharge Defendant and other Released Parties from all related claims. While he is confident of a favorable determination on the merits, Plaintiff has determined that the Settlement provides significant benefits to, and is in the best interests of, the putative Class. Plaintiff also believes that the Settlement is appropriate based on the expense and time required to continue litigating, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting the claims at issue. Similarly, as evidenced by the Settlement, Defendant has determined that, despite its substantial defenses to Plaintiff's claims, settlement on the terms set forth in the Settlement is more desirable than continuing to litigate.

As discussed in detail below, the parties believe that the Settlement satisfies the criteria for preliminary approval. Accordingly, Plaintiff moves this Court for an order preliminarily approving the proposed Settlement, provisionally certifying the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) ("Rule 23(b)(3)") for settlement purposes, appointing Simpluris as the Settlement Administrator, directing dissemination of Class Notice, and scheduling a Final Approval Hearing.

## II.    STATEMENT OF FACTS

### A. The Litigation

Defendant provides various inspection, maintenance, and rehabilitation services and products to electric and telecommunications utilities. The company was founded in 1934 and is based in Peachtree City, Georgia. Osmose Utilities Services, Inc. operates as a subsidiary of Osmose Holdings, Inc. Plaintiff was employed in

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

California as a non-exempt employee, both as a Crewman and Foreman, from May 2011 to March 2018. (*See* Compl. ¶ 17 [ECF No. 1-2].)

### 1. Procedural History

On November 5, 2018, Plaintiff filed the Complaint in the Superior Court of the State of California, County of Tulare (Case No. VCU276204), alleging various causes of action for violations of the California Labor Code and the California Business and Professions Code ("UCL"). (*See* Compl. [ECF No. 1-2 at 1].) Plaintiff's claims were brought on behalf of a class of non-exempt employees who were subjected to unlawful timekeeping practices. (*Id*. ¶ 33 [ECF No. 1-2].). On December 13, 2018, Defendant filed a notice to remove the action to the U.S. District Court for the Eastern District of California [ECF No. 1]. The action was assigned Case No. 1:18-cv-01704-DAD-SKO. On January 10, 2019, the instant matter was related to the action entitled *Todd Fisher v. Osmose Utilities Services, Inc*., Case No. 1:18-cv-01392-LJO-EPG, and both were reassigned, with new Case No. 1:18-cv-01704 LJO-EPG [Dkt. No. 4] ("the Litigation"). Subsequently, on February 3, 2020, the Litigation was unassigned, with new Case No. 1:18−CV−01704−NONE−EPG [ECF No. 22].

On March 4, 2020, the Court granted Plaintiff's motion for leave to amend to add a PAGA cause of action [ECF No. 27]. The First Amended Complaint ("FAC") was thus filed on March 16, 2020 [ECF No. 28]. Finally, on July 21, 2020, the Court granted the parties' joint stipulation for continuance of deadline to file approval papers for settlement to August 19, 2020 and re-set the Status Conference to September 3, 2020 [ECF No. 34].

### 2. Settlement Negotiations

After preliminary discussions regarding the case and an initial discovery exchange, the parties agreed to mediate the Litigation with experienced mediator Bruce A. Friedman. Bacon Decl. ¶ 4.  Defendant agreed to provide Plaintiff with data and documents that included the size and composition of the putative Class,

information about Defendant's timekeeping and meal and rest period practices, including policy and procedure documents, information and documents permitting for calculations of applicable incidents of violation rates and damages, a copy of the collective bargaining agreement, and Defendant's written wage and hour policies and procedures. *Id*. ¶ 5. The discovery revealed significant challenges to continuing litigation, and Plaintiff's counsel conducted a diligent and thorough examination of the legal, factual, and damages allegations at issue. *Id*. ¶ 6.

Subsequently, on March 5, 2020, the parties attended mediation with Mr. Friedman and, after a full day of negotiation, reached an agreement in principle. *Id*. ¶ 7. As set forth below, Plaintiffs respectfully request that the Court approve the Settlement.

### B. The Settlement

#### 1. The Settlement Class

The Agreement provides, *inter alia*, the following definitions:

**"Settlement Class"** means individuals who are or were previously employed (1) by Defendant; (2) in a Covered Job Position; (3) at any point during the Class Period;

**"Covered Job Position"** means any employee of Defendant working in California during the Class Period who is or was employed as either a crewman, foreman, and/or foreman trainee; and

**"Class Period"** shall mean the time from September 7, 2016, through and including May 31, 2020 or the date of preliminary approval, whichever occurs first.

Bacon Decl. ¶ 10, Ex. 2 (Sec. I).

#### 2. Class Membership

Defendant and its counsel confirm that the approximate number of Class members is 857. Bacon Decl. ¶ 10, Ex. 2 (Sec. III(E)(17)). The identities of employees who worked in a Covered Job Position during the Class Period are easily

1  obtained from Defendant's payroll and personnel record, and Defendant will provide

2  a list with contact information to the Settlement Administrator within twenty (20)

3  days of the entry of an order granting preliminary approval. *Id*. (Sec. III(B)(1)(a))

4  3.  Payments to Class Members

5  The Settlement provides in pertinent part that Defendant will establish a

6  Settlement Fund in the (gross) amount of $375,000.00 to pay for the following: 1)

7  notice to Class members; 2) checks to Class members; 3) a toll-free telephone

8  number; 4) the proposed $10,000 Incentive Award to Plaintiff for his service to the

9  Class; and 5) the proposed attorneys' fees of approximately $125,000.00 (33.33%)

10  and litigation costs of up to $10,000. *See* Bacon Decl. ¶¶ 37, 38.  Any uncashed

11  checks will go to Public Justice Foundation as a cy pres recipient. *Id*. ¶ 10, Ex. A

12  (Sec. III(E)(10)).  The Settlement Fund shall not be reduced as a result of any Class

13  member electing to opt out or be excluded or for any other reason.

14  4.  Benefit to Class Members and Class Notice

15  The Settlement provides for $375,000 (minus administrative costs, attorneys'

16  fees, and litigation costs) to approximately 857 Class members on a pro rata basis.

17  The Settlement Administrator will provide notice with an Opt-Out form via First

18  Class U.S. Mail within thirty (30) days of entry of the order granting preliminary

19  approval.  Bacon Decl. ¶ 10, Ex. 2 (Sec. III(B)(1)(b)).

20  Employees who worked in a Covered Job Position during the Class period

21  will automatically be included in the Settlement Class and will not have to submit a

22  claim form. Each participating Class member will each receive a pro-rata share

23  based on the number of workweeks they worked for Defendant during the Class

24  Period.  *Id*. (Sec. III(E)(7)). After fees, costs, administration expenses, and taxes, if

25  all participate, each of the 857 Class members will receive approximately $246.50

26  on average for their claims.  The payout to Class members will be based on the

27  number of workweeks worked in either a Crewman of Foreman role, with

28  workweeks as a Crewman being paid at a rate twice that of the rate of Foremen.  This

distribution is fair and reasonable given the nature of the allegations in the case, where Crewmen were much more likely to have suffered the alleged violations than Foremen. In addition, any funds allocated to Class members who subsequently opt out of the settlement will be re-allocated to participating Class members on a pro rata basis as set forth above. *Id*. (Sec. III(E)(8)).

These considerations, the damages analysis itself, and the risks to Plaintiff and the putative Class are discussed in the Bacon Decl. (¶¶ 6-8).

### 5. Scope of Release

The Settlement was intentionally drafted to limit the scope of the release by the putative Class to the facts that were alleged or that could have been alleged in the Litigation and occurred during the Class Period. Bacon Decl. ¶ 10, Ex. 2 (Sec. (V)).

### 6. Opportunity to Opt Out and Object

Class members who elect to exclude themselves from the Class must submit the Opt-Out form provided by the Settlement Administrator no later than thirty (30) days after the date notice was mailed, to be confirmed by postmark. Bacon Decl. ¶ 10, Ex. 2 (Sec. III(C)(2)).

Any Class member who objects to the Settlement must timely mail objection(s) in writing to the Settlement Administrator. To be considered timely, the objection must be postmarked on or before the deadline, which will be thirty (30) days after receipt of the Notice or such number of days as the Court shall specify. *Id*. (Sec. III(C)(3)). The objection must state the name and case number of this matter, the objecting Class member's name, address, and telephone number, and all arguments, citations, and evidence supporting the objection. The objection shall also include: 1) whether the objector intends to appear at the hearing, with or without counsel; 2) the name and case number of any other proposed class action settlement to which the objecting Class member submitted an objection; and 3) whether such

1  objection was submitted on the Class member's behalf or on behalf of a represented
2  third party. *Id*.

3         7. <u>Payment of Notice and Administrative Costs</u>

4      All costs incurred by the Settlement Administrator in connection with this
5  settlement are to be paid from the gross Settlement Fund of $375,000.00.  Bacon
6  Decl. ¶ 10, Ex. 2 (Sec. III(E)(2)).  Anticipated costs include providing the Class
7  Notice, arranging for payments to Class members, and maintaining a toll-free
8  number. *Id*.

9         8. <u>Attorneys' Fees, Costs, and Expenses</u>

10      The Settlement confirms the parties' agreement that Class counsel shall
11  request an award of attorneys' fees in an amount not to exceed $125,0000.00
12  (33.33% of the Settlement Fund) and litigation costs up to $10,000. Bacon Decl. ¶
13  10, Ex. 2 (Sec. III(E)(3)).

14         9. <u>Incentive Award to Plaintiff</u>

15      The Settlement confirms the parties' agreement that an Incentive Award in
16  the amount of $10,000 should be distributed to Plaintiff for his service as Class
17  Representative, subject to the Court's approval.  Bacon Decl. ¶ 10, Ex. 2 (Sec.
18  III(E)(4)).

19        10. <u>Uncashed Checks</u>

20      As noted above, the Settlement provides that all participating Class members
21  are entitled to receive payment by check automatically.  If any Class member to
22  whom payment is sent does not cash the check within ninety (90) days after mailing,
23  the funds will be sent to Public Justice Foundation as a cy pres recipient, rather than
24  reverting to Defendant.  Bacon Decl. ¶ 10, Ex. 2 (Sec. III(E)(10)). Public Justice is
25  a not for profit organization which advocates on behalf of worker rights.[2]
26  *///*

27
28  [2] See https://www.publicjustice.net/what-we-do/workers-rights/

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

## III.   ARGUMENT

Before granting preliminary approval of the Settlement, the Court should determine that the proposed Settlement Class meets the requirements of Rule 23. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); *see also* Manual for Complex Litigation, § 21.632 (4th Ed. 2004).  An analysis of Rule 23's requirements -- commonly referred to as numerosity, commonality, typicality, adequacy, and predominance -- shows that certification of this proposed Settlement Class is appropriate.

### A. Legal Standard

A class action may not be dismissed, compromised or settled without the approval of the court. Fed. R. Civ. Proc. 23(e).  "At the preliminary approval stage, the Court's consideration of the [Rule 23] inquiries is less probing than required for final approval; it may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Millan v. Cascade Water Servs., Inc*., 310 F.R.D. 593, 610 (E.D. Cal. 2015) (citing *In re Tableware Antitrust Litigation*, 484 F.Supp.2d 1078, 1079 (N.D.Cal.2007) (quoting Manual for Complex Litg., Second § 30.44 (1985)).

Unlike at the final approval stage where the Court must decide whether the parties negotiated a settlement that is fair, reasonable, and adequate to class members, at the preliminary approval stage, the Court need only decide whether the settlement falls within a range of reasonableness possibly meriting final approval (i.e., whether it would be worthwhile to give the class notice of the settlement and proceed with a formal fairness hearing).  *See, e.g*., *La Parne v. Monex Deposit Co.*, No. SACV 08-0302 DOC, 2010 WL 4916606, at *2 (C.D. Cal. Nov. 29, 2010) ("To determine whether preliminary approval is appropriate, the settlement need only be

1    potentially fair, as the Court will make a final determination of its adequacy at the

2    hearing on final approval, after such time as any party has had a chance to object

3    and/or opt out.") (citation omitted); *see also* 4 Newberg & Conte, § 11.25; 5 James

4    Wm. Moore, Moore's Federal Practice – Civil § 23.165[3] (3d ed.).

5         The Court thus makes a preliminary determination of the settlement's fairness,

6    reasonableness, and adequacy and identifies any terms that are so unacceptable at

7    the outset that a formal fairness hearing would be a waste of time.  *See* Manual for

8    Complex Litigation, § 21.632; 4 Newberg & Conte, § 11.25. If it has no such

9    "obvious deficiencies," then the settlement falls within the range of possible

10   approval.  *See, e.g., Vasquez v. Packaging Corp. of Am.,* No. CV191935PSGPLAX,

11   2020 WL 2559490, at *4 (C.D. Cal. Mar. 27, 2020) (citations omitted).  Preliminary

12   approval is merely the prerequisite to giving notice so that "the proposed settlement

13   . . . may be submitted to members of the prospective class for their acceptance or

14   rejection." *Sayaman v. Baxter Healthcare Corp*., No. CV 10-1049-VBF(JEMX),

15   2010 WL 11549352, at *1 (C.D. Cal. Nov. 16, 2010) (quoting *Philadelphia Hous.*

16   *Auth. v. Am. Radiator & Standard Sanitary Corp*., 323 F. Supp. 364, 372 (E.D. Pa.

17   1970)). Indeed, settlement is a strongly favored method for resolving disputes as a

18   matter of public policy, especially in complex class actions. *Allen v. Bedolla,* 787

19   F.3d 1218, 1223 (9th Cir. 2015) (citation omitted); s*ee also Ontiveros v. Zamora,*

20   303 F.R.D. 356, 363 (E.D. Cal. 2014) (citation omitted).

21        To make the preliminary fairness determination, courts may consider several

22   relevant factors, including "the strength of the plaintiff's case; the risk, expense,

23   complexity, and likely duration of further litigation; the risk of maintaining class

24   action status through trial; the amount offered in settlement; the extent of discovery

25   completed and the stage of the proceedings; [and] the experience and views of

26   counsel…" *See Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998),

27   overruled on other grounds by *Jabbari v. Farmer*, 965 F.3d 1001 (9th Cir. 2020);

28   *see also Ontiveros*, 303 F.R.D. at 363 (citations omitted). "The question is not

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

1  whether the settlement 'could be prettier, smarter, or snazzier,' but solely "whether
2  it is fair, adequate, and free from collusion." *True v. Am. Honda Motor Co*., 749 F.
3  Supp. 2d 1052, 1063 (C.D. Cal. 2010) (quoting *Hanlon*, 150 F.3d at 1026). In
4  addition, courts must give "proper deference to the private consensual decision of
5  the parties," since "the court's intrusion upon what is otherwise a private consensual
6  agreement negotiated between the parties to a lawsuit must be limited to the extent
7  necessary to reach a reasoned judgment that the agreement is not the product of fraud
8  or overreaching by, or collusion between, the negotiating parties, and that the
9  settlement, taken as a whole, is fair, reasonable and adequate to all concerned."
10 *Hanlon*, 150 F.3d at 1027; *see also Kirkorian v. Borelli*, 695 F.Supp. 446, 451 (N.D.
11 Cal.1988) ("The recommendation of experienced counsel carries significant weight
12 in the court's determination of the reasonableness of the settlement.") (citation
13 omitted); *Boyd v. Bechtel Corp.,* 485 F. Supp. 610, 622 (N.D. Cal. 1979) ("The
14 recommendations of plaintiffs' counsel should be given a presumption of
15 reasonableness.") (citation omitted).

16      Based on these standards, the Settlement is well within the range of
17 reasonableness for granting preliminary approval, and the parties' do not anticipate
18 any reservations about its terms, "such as unduly preferential treatment of class
19 representatives or segments of the class, inadequate compensation or harms to the
20 classes, the need for subclasses, or excessive compensation for attorneys." Manual
21 for Complex Litigation § 21.632 at 321. Accordingly, Plaintiff respectfully submits
22 that, for the reasons detailed below, the Court should preliminarily approve the
23 proposed Settlement as fair, reasonable, and adequate.

24      **B. Continuing Litigation Presents Significant Risks**
25      Defendant vigorously contests the claims asserted by Plaintiff in this
26 Litigation and has presented steep procedural and factual obstacles, including a
27 collective bargaining agreement, that were given fair consideration at mediation.
28

---
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

1    Regarding merits issues, Defendant disputes generally that it failed to comply
2    with its obligations under the California Labor Code and Wage Order 16.  Defendant
3    also took the position that Plaintiff's claims are limited by a collective bargaining
4    agreement that was in effect during the class period and covers certain electrical
5    work, not including Del Norte County.  It was further determined during discovery
6    that certain of Defendant's written policies regarding timekeeping and payroll with
7    respect to Class members complied with California law, and Defendant argues that
8    individualized issues would defeat certification. Specifically, Defendant contends
9    that its written policies regarding meal and rest periods and records show substantial
10   compliance, including a low violation rate. Defendant contends further that, because
11   its written policies and timekeeping procedures complied with California law, any
12   violations were good faith errors and not willful, which argument increases
13   Plaintiff's burden to justify the imposition of penalties under Labor Code §§ 203 and
14   226. Bacon Decl. ¶¶ 6-8.  Defendant also had a policy and practice of compensating
15   employees for mileage incurred on personal vehicles.  Moreover, Defendant had
16   policies requiring employees to clock in for all compensable time.  Such evidence
17   affected both the damages analysis and indicated a serious risk that the relevant
18   claims would not be certified.

19   Defendant's defenses were all given due consideration in mediation by
20   experienced and informed class counsel, with the oversight of an experienced
21   mediator; the Settlement was thus negotiated at arms' length by experienced counsel
22   and should be accorded a presumption of fairness. *See, e.g., Sayaman*, 2010 WL
23   11549352, at *1 (citing 2 H. Newberg & A. Conte, Newberg on Class Actions §
24   11.41 at 11–87 (3d ed. 1992)); *see also In re Austrian & German Bank Holocaust*
25   *Litig.*, 80 F. Supp. 2d 164, 173-174 (S.D.N.Y. 2000) ("Once the Settlement is
26   presumed fair, it is not for the Court to substitute its judgment as to a proper
27   settlement for that of such competent counsel.") Ultimately, the evidence presented
28   in discovery showed significant challenges to certification on the merits.  *See e.g.*,

1   *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 391 (C.D. Cal. 2007) (The Court "has
2   an obligation to 'consider and weigh the nature of the claim [s], the possible
3   defenses, [and] the situation of the parties....'") (quoting *Young v. Katz*, 447 F.2d
4   431, 433 (5th Cir. 1971)).  As noted above, the contentions and evidence Defendant
5   presented also cast doubt on the question of damages issues. *Id*. at 392 ("The value
6   of a class action depends largely on the certification of the class, and…class
7   certification undeniably represents a serious risk for plaintiffs in any class action
8   lawsuit.") (quotations and citation omitted)). Moreover, even if the Class were to be
9   certified, because the parties have not completed discovery, a genuine risk would
10  remain that the Court would revisit its ruling and decertify. *See, e.g., Spann v. J.C.*
11  *Penney Corp*., 314 F.R.D. 312, 326 (C.D. Cal. 2016) ("Even if plaintiff were to
12  prevail at trial, there is a very real risk that plaintiff could recover nothing.") (citing
13  *Schaffer v. Litton Loan Servicing, LP*, 2012 WL 10274679, at *11 (C.D.Cal.2012)).
14  Notably, with respect to PAGA penalties, recent California appellate law
15  demonstrates the discretion of trial courts in determining how steeply to reduce
16  penalties when an employer takes good faith measures to comply.  *See Carrington*
17  *v. Starbucks Corp*., 30 Cal. App. 5th 504, 529 (2018) (reducing PAGA meal break
18  penalties from a potential of $70 million to $150,000 at judgment due to evidentiary
19  showings of substantial compliance.)

20      Based on these factors, the parties agreed to a fair settlement that Plaintiff's
21  counsel believes achieved meaningful and reasonable relief for the Class.  *See* Bacon
22  Decl. ¶ 10.   The negotiated terms thus reflect a reasoned – and reasonable -
23  compromise between avoiding unreasonable risk and failing to recover.  *See, e.g*.,
24  *Urena v. Cent. California Almond Growers Assn*., No. 118CV00517NONEEPG,
25  2020 WL 3483280, at *11 (E.D. Cal. June 26, 2020), report and recommendation
26  adopted, No. 118CV00517NONEEPG, 2020 WL 4593824 (E.D. Cal. Aug. 11,
27  2020) ("An initial presumption of fairness is usually involved if the settlement is
28  recommended by class counsel after arm's-length bargaining.") (quotations and

1  citations omitted). Considering the costs and risks to both sides, in addition to the

2  delays of continued litigation, the Settlement presents a fair and reasonable

3  resolution of the Litigation that is in the best interests of the putative Class.

4  **C. Fair and Substantial Benefit to the Class**

5  As set forth above, Defendant has agreed to pay $375,000.00 to fund the

6  settlement, which amount includes notice and claims administration costs, a

7  $10,000.00 Incentive Award to Plaintiff for his service to the putative Class, and

8  attorneys' fees in the amount of approximately $125,000.00 plus reimbursement of

9  litigation costs of up to $10,000.  *See* Bacon Decl. ¶¶ 38, 39.

10  **D. The Settlement was Reached as the Result of Arms-Length**

11      **Negotiation, Without Collusion, with the Assistance of the**

12      **Mediator**

13  The proposed Settlement is the result of intensive arms-length negotiation,

14  including an all-day mediation session before Bruce A. Friedman, a skilled and

15  experienced class action mediator. *See* Bacon Decl. ¶ 4, Ex. 1.  On March 6, 2020.

16  With Mr. Friedman's guidance and working independently of the Court, the parties

17  reached a proposed resolution of this case. *Id.* ¶¶ 5-9.  Moreover, the base figures

18  used to arrive at the damages estimates were provided by Plaintiff, who worked for

19  Defendant for several years as both a Foreman and Crewman, and was familiar with

20  the work environment generally, including the experiences of similarly situated co-

21  workers.  The time and effort spent investigating and assessing the claims and

22  defenses at issue support preliminary approval of the proposed Settlement, as the

23  process strongly indicates that there was no collusion.  *See In re Wireless Facilities,*

24  *Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow

25  sufficient discovery and genuine arms-length negotiation are presumed fair.")

26  (citation omitted).

27  ///

28  ///

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

**E. The Putative Class Should Be Certified for Purposes of Settlement**

Courts have long acknowledged the propriety of class certification for purposes of a class action settlement. *See In re Wireless Facilities*, 253 F.R.D. at 610 ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes").  As explained below, certification of the Settlement Class is appropriate here because the proposed Settlement satisfies the requirements of Rule 23(a) and Rule 23(b)(3).

1.  The Settlement Class is Sufficiently Numerous

The numerosity requirement is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  Courts have held a class to be sufficiently numerous if it consists of 40 or more members.  *See, e.g., Vasquez v. Coast Valley Roofing, Inc*., 670 F. Supp. 2d 1114, 1121 (E.D. Cal. 2009) (numerosity is presumed at a level of 40 members); *Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995) ("numerosity is presumed at a level of 40 members") (citing 1 Newberg On Class Actions 2d, (1985 Ed.) § 3.05)); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333, fn. 9 (7th Cir. 1969) (numerosity satisfied with class of 40); *Ikonen v. Hartz Mountain Corp*., 122 F.R.D. 258, 262 (S.D. Cal. 1998) (same) (citing 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 23–05[1] (2d ed. 1987)); *Krzesniak v. Cendant Corp.,* No. C 05-05156 MEJ, 2007 WL 1795703, at *7 (N.D. Cal. June 20, 2007) (same) (citing *Consol. Rail Corp*., 47 F.3d at 483).

As noted above, Defendant confirms that the putative Class consists of 857 individuals who were employed by Defendant in California as non-exempt crewmen and/or foremen during the Class Period. *See* Bacon Decl. ¶ 10, Ex. 2 (Sec. III(E)(17)).

2.  Common Questions of Fact and Law Exist

The second Rule 23(a) requirement is commonality, which is satisfied "if there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).

"[C]ommonality only requires a single significant question of law or fact." *Rowe v. Ulta Salon, Cosmetics & Fragrance, Inc*., No. SACV191074PAJCX, 2019 WL 6998780, at *3 (C.D. Cal. Aug. 30, 2019) (citation omitted); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("[Class] claims must depend upon a common contention.).

For purposes of settlement in this case, the putative Class Members' claims arise from the same circumstances of employment during the Class Period, specifically that Defendant allegedly failed to pay for all compensable time, failed to provide timely, off-duty meal and rest periods, and, consequently, failed to provide complete, accurate wage statements or all wages due at termination. The parties agree that the questions of law and fact at issue are common to the putative Class. *See, e.g. Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.").

Plaintiff's claims also present common questions of law, including the following:

a. Whether Defendant failed to provide Plaintiff and Class members with meal periods in violation of Labor Code §§ 226.7 and 512 and the applicable Wage Order(s);

b. Whether Defendant failed to provide Plaintiff and Class members with rest periods in violation of Labor Code § 226.7 and the applicable Wage Order(s);

c. Whether Defendant unlawfully and/or willfully deprived Plaintiff and members of the Class of such meal and rest periods; 4) whether Defendant failed to pay premium wages for missed meal and rest periods pursuant to Labor Code §§ 200, 226.7, 512, and the applicable Wage Order(s);

d. Whether, by allegedly requiring Plaintiff and Class members to work off-the-clock, Defendant failed to pay all wages earned and owed during the Class Period;

e. Whether Defendant's allegedly requiring Plaintiff and Class members to perform work off-the-clock constitutes an unlawful, unfair, or fraudulent business act or practice in violation of the UCL (Business & Professions Code §§17200, *et seq.*;

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

f. Whether Defendant failed to provide Plaintiffs and Class members with complete, accurate wage statements in violation of Labor Code § 226, and applicable Wage Order(s);

g. Whether Defendant's policies procedure during the Class Period resulted in hours worked not being adequately captured and recorded;

h. Whether Defendant unlawfully and/or willfully failed to pay compensation promptly to Class members upon termination of their employment in violation of Labor Code §§ 201-203;

i. Whether Plaintiff and Class members sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and,

j. Whether Defendant violated the UCL (Business & Professions Code §§ 17200, *et seq*., by violating the above-cited provisions.

Under these circumstances, the commonality requirement is satisfied for purposes of certifying a settlement class. *See Hanlon*, 150 F. 3d at 1019-20.

### 3. Plaintiff's Claims are Typical

"Like the commonality requirement, the typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Hanlon*, 150 F. 3d at 1020. The Rule 23 typicality requirement is thus "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) abrogated on other grounds by *Johnson v. California*, 543 U.S. 499 (2005) (quotations and citation omitted); *see also Simpson v. Fireman's Fund Ins. Co*., 231 F.R.D. 391, 396 (N.D. Cal. 2005), *modified*, No. C05-00225 CW, 2007 WL 46785 (N.D. Cal. Jan. 5, 2007) ("In determining whether typicality is met, the focus should be on the defendants' conduct and plaintiff's legal theory, not the injury caused to the plaintiff.") (citation omitted). Indeed, the requirement "is fulfilled by showing a single issue common to all members of that class." *Wehner v. Syntex Corp*., 117 F.R.D. 641, 644 (N.D. Cal. 1987).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

For purposes of a settlement class in the Litigation, Plaintiff's claims are typical because all arise from the same facts – Defendant's alleged failure to pay all wages due and owing for time worked off the clock, reimbursement for unpaid business expenses, and premium wages owed for non-compliant meal and rest periods, in addition to the penalties deriving from such violations.  Accordingly, the claims alleged are typical of the Settlement Class as a whole.

### 4.  Plaintiff and Class Counsel are Adequate

The final Rule 23(a) criterion for approval asks whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court must measure the adequacy of representation by two standards: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Wireless Facilities II*, 253 F.R.D. at 611 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003)); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000), as amended (June 19, 2000) (same).

Plaintiff and Class counsel have no conflicts of interest with other Class members because Plaintiff's claims are typical of the Settlement Class. In addition, Plaintiff and Class counsel have been prosecuting this Litigation vigorously on behalf of Class members, who share with Plaintiff the common goal of protecting and improving employee rights to fair wages, and there is no conflict among them. Class counsel have extensive experience in class action litigation, including wage and hour litigation under the California Labor Code, in both state and federal court. Class counsel is thus qualified to represent the interests of the proposed Settlement Class, and Rule 23(a)(4) is satisfied for purposes of certification.

### F.  Common Questions Predominate

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Fed.

18

R. Civ. P. 23(b)(1), (2) or (3)." *Hanlon*, 150 F.3d at 1022. The inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation." *Salas v. Toyota Motor Sales, U.S.A., Inc.,* No. CV 15-8629 FMO (EX), 2019 WL 1940619, at *6 (C.D. Cal. Mar. 27, 2019) (quoting *Amchem*, 521 U.S. at 623). Central to this inquiry is whether the adjudication of common issues will help achieve judicial economy. *See, e.g., Wolin v. Jaguar Land Rover N. Am., LLC,* 617 F.3d 1168, 1175 (9th Cir. 2010) (citing *Zinser v. Accufix Research Institute, Inc*., 253 F.3d 1188, 1189 (9th Cir. 2001) *amended* 273 F. 3d 1266 (9th Cir. 2001)); *see also Lindell v. Synthes USA*, No. 111CV02053LJOBAM, 2016 WL 74419, at *5 (E.D. Cal. Jan. 6, 2016) (same). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022; *see also Wolin*, 617 F.3d at 1175 (same).

Here the central inquiry for purposes of conditional certification of the proposed Settlement Class is whether Defendant violated the Labor Code, including by requiring employees to work off the clock and providing inadequate meal and rest periods. The putative Class is thus maintainable under Rule 23(b)(3), as common questions predominate over any questions affecting only individual members and class resolution is superior to other available methods for a fair resolution of the controversy. *Id.*

## G. Class Settlement Is Superior to Other Available Means of Resolution

Similarly, there can be little doubt that resolving all Class members' claims through a single class action is superior to a series of individual lawsuits. "From either a judicial or litigant viewpoint, there is no advantage in individual members controlling the prosecution of separate actions. There would be less litigation or settlement leverage, significantly reduced resources and no greater prospect for

1  recovery." *Hanlon*, 150 F.3d at 1023.  Indeed, the Settlement's terms, negotiated on

2  behalf of the Class as a whole, demonstrates the advantages of a unified bargaining

3  and resolution process.

4      It is unlikely that putative Class members can find comparable, or any, relief

5  by way of individual lawsuits.  In this and other wage and hour cases, forcing

6  employees to litigate their cases individually, particularly where common issues

7  predominate for the proposed class, would be an inferior method of adjudication, as

8  "[t]here would be less litigation or settlement leverage, significantly reduced

9  resources and no greater prospect for recovery."  *Id.*; *see also Urena*, 2020 WL

10 3483280, at *7 ("If plaintiffs cannot proceed as a class, some – perhaps most – will

11 be unable to proceed as individuals because of the disparity between their litigation

12 costs and what they hope to recover.") (quotations and citations omitted). "In the

13 context of a settlement, however, considerations regarding management of the class

14 action are irrelevant because the proposal to the court is to avoid trial through a

15 settlement agreement." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 452

16 (E.D. Cal. 2013) (citing *Amchem*, 521 U.S. at 620).  "With the settlement in hand,

17 the desirability of concentrating the litigation in one forum is obvious..."  *Id.*

18 (quoting *Elkins v. Equitable Life Ins. of Iowa*, No. Civ A96-296-Civ-T-17B, 1998

19 WL 133741, at *20 (M.D. Fla. Jan. 27, 1998).

20     The class action device provides the superior means to resolve this Litigation,

21 finally and efficiently. In addition, any putative Class member who wishes to pursue

22 a separate action can opt out of the Settlement. Because the other requirements of

23 Rule 23 are also satisfied, certification of the Settlement Class is in the best interests

24 of putative Class members.

### H. The Proposed Class Notice is Consistent with Ninth Circuit Requirements

27     Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the

28 court must order the "best notice practicable" under the circumstances. Adequate

1  notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*,

2  150 F.3d at 1025. However, such notice need only be given in a manner "reasonably

3  calculated…to apprise interested parties of the pendency of the action and afford

4  them an opportunity to present their objections." *Rodriguez v. M.J. Bros., Inc.*, No.

5  1:18-CV-00252-SAB, 2019 WL 1789686, at *14 (E.D. Cal. Apr. 24, 2019) (quoting

6  *Wright v. Linkus Enterprises, Inc.*, 259 F.R.D. 468, 475 (E.D. Cal. 2009) and

7  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 318 (1950)); *see*

8  *also Brown v. Jonathan Neil & Assocs., Inc.*, No. 1:17-CV-00675-SAB, 2019 WL

9  1556658, at *2 (E.D. Cal. Apr. 10, 2019) (citing 5 James Wm. Moore *et al.*, Moore's

10 Federal Practice § 23.101[3] (Matthew Bender 3d ed.2004)) ("a class member who

11 has failed to receive actual notice normally is bound by the judgment, particularly if

12 he or she was sent notice by first-class mail")); *Acosta v. Evergreen Moneysource*

13 *Mortg.* Co., No. 2:17-CV-00466-KJM-DB, 2019 WL 6051117, at *8 (E.D. Cal. Nov.

14 15, 2019) ("[T]he fact that plaintiff cannot demonstrate all members received actual

15 notice does not effect a violation of those members' due process rights once the

16 settlement is approved.") (citing *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121,

17 1229 (9th Cir.) *cert. denied* 138 S. Ct. 313 (2017)).

18      The notice must state, concisely and clearly in plain, easily understood

19 language: (i) the nature of the action; (ii) the definition of the class; (iii) the class

20 claims, issues, or defenses; (iv) that a class member may enter an appearance through

21 counsel if the member so desires; (v) that the court will exclude from the class any

22 member who requests exclusion, stating when and how members may elect to be

23 excluded; (vi) the time and manner for requesting exclusion; and (vii) the binding

24 effect of a class judgment on class members under Rule 23(c)(3). Fed. R. Civ. P.

25 23(c)(2)(B). Further, mailed notice has routinely been held to be adequate notice to

26 a Settlement Class. *See Schaffer*, 2012 WL 10274679, at *8 (approving notice plan

27 where class members were sent postcards that directed them to a settlement website);

28 *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS MDD, 2012 WL 1932283, at

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL

*1 (S.D. Cal. May 29, 2012) (final approval of class settlement using postcard notice and settlement website).

Here, the Settlement Administrator shall disseminate or arrange for the dissemination of Class Notice by mail via a written notice that will be materially consistent with the parties' proposed Long-Form Notice. Bacon Decl. ¶ 10, Ex. 2 (Sec. III(B, Ex. B)). and satisfies each of the Rule 23(c)(2)(B) requirements. The parties possess records of Class members' names, addresses, and social security numbers. *See Id.* (Sec. III(B)). To the extent any physical addresses identified by Defendant are no longer valid, the proposed Settlement Administrator is experienced in updating mailing addresses for purposes of notice, and the likelihood is high that Class members will receive the Notice. *See, e.g., Barani v. Wells Fargo Bank, N.A.*, Case No. 12CV2999-GPC KSC, 2014 WL 1389329, at *10 (S.D. Cal. Apr. 9, 2014) (approving settlement using reverse lookup to locate class members); *see also Acosta*, 2019 WL 6051117, at *8 (approving notice sent by claims administrator Simpluris, Inc.).

Class members will have thirty (30) days from the mailing of the Notice to opt out of the settlement or object. *See, e.g., Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (31 days is adequate notice for the class "to flush out whatever objections might reasonably be related to the settlement.") (citing *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) (approving "the timing of a notice which was mailed 26 days before the deadline for opting out of a settlement.")). Further, a toll-free number shall be maintained and accessible to Class members during this time and through the conclusion of the settlement proceedings in this case. This notice program was designed to reach the largest number of Class members possible and is anticipated to reach nearly everyone.

The dissemination of the Class Notice thus satisfies the requirements of due process and constitutes the best notice practicable under the circumstances. In addition, the Settlement Administrator shall prepare and file a declaration prior to

the Final Approval Hearing certifying that the notice program has been properly administered in accordance with the Settlement and this Court's Orders. *See* Bacon Decl. ¶ 10, Ex. 1 (Sec. III(B)(2)).

## I.  Simpluris Should Be Appointed Settlement Administrator

The parties agree that the Court appoint Simpluris to serve as the Settlement Administrator. *See* Bacon Decl. ¶ 10, Ex. 2 (Sec. I(W)). Simpluris specializes in providing administrative services in class action litigation and has extensive experience in administering consumer protection and privacy class action settlements.[3]

## J.  The Hearing on Final Approval Should be Scheduled

The last step in the settlement approval process is the formal fairness or Final Approval Hearing, at which time the Court will hear all evidence and argument for and against the proposed Settlement. Plaintiff requests that the Court grant preliminary approval of the Settlement and schedule a Final Approval Hearing to be held no earlier than 120 days after the date of entry of the Preliminary Approval Order, in order to allow sufficient time to provide notice and respond to Class members' inquiries, exclusion requests, and/or objections.

///

///

///

---

[3] Information about Simpluris is publicly available online at https://www.simpluris.com/.

23

1

## IV.  CONCLUSION

2

For the foregoing reasons and based on the parties' agreement after arm's

3 length negotiations with mediator Bruce A. Friedman, Plaintiff respectfully requests

4 that the Court enter an Order preliminarily approving the Settlement and certifying

5 the proposed Settlement Class.

6 Date: August 19, 2020                     Respectfully submitted,
                                          The Law Offices of Todd M. Friedman, PC

7

8                                   By:  _/s/ Adrian R. Bacon_
                                       Adrian R. Bacon
9                                      Attorneys for Plaintiff
                                       TODD FISHER
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Filed electronically on this 19th Day of August, 2020, with:

2 | United States District Court CM/ECF system.

3 | Notification sent electronically on this 19th Day of August, 2020, to:

4 |

5 | Honorable Erica P. Grosjean

6 | United States District Court

7 | Eastern District of California

8 | And All Counsel of Record as Recorded on The Electronic Service List

9 |

10 |

11 | /s/ Adrian R. Bacon, Esq.

12 | Adrian R. Bacon

---

25

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL**